NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINA QIN; YONG MA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-72455 <br><br> Agency No. A205-538-339 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Lina Qin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing her appeal of the immigration

judge's ("IJ") decision denying her application (and the rider application of her

husband, Yong Ma) for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 8 U.S.C. § 1252, and we review adverse credibility determinations and denials of asylum, withholding, and CAT relief for substantial evidence.  *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).  We deny the petition for review.

Qin first challenges the adverse credibility determination.  But at least three of the four grounds the BIA cited in upholding the IJ's adverse credibility determination are supported by substantial evidence.  First, the transcripts of Qin's and Ma's testimony support the existence of inconsistencies about who received the threats of sterilization.

Second, substantial evidence supports the determination that contradictions regarding the timeline of Qin's actions prior to the abortion procedure existed within her testimony and also between the bulk of the petitioners' testimony on one hand and Qin's asylum statement and her mother's letter on the other.  Qin argues that her written statement can be interpreted such that it is consistent with her testimony.  But because there are two plausible interpretations of her statement, "[i]t cannot be said . . . that the evidence compels the interpretation of the evidence advocated by the Petitioner . . . ."  *Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021).

Third, substantial evidence supports the finding that Qin "testified inconsistently regarding her level of resistance when she was taken to the operating room" and "also omitted references to resisting the family planning officials and being restrained during the abortion procedure from her asylum statement." Qin argues that her testimony about her level of resistance was not inconsistent, but a "reasonable adjudicator would not necessarily be compelled" to interpret Qin's testimony in the way she proposes. *Lalayan v. Garland*, 4 F.4th 822, 838 (9th Cir. 2021). Further, the BIA permissibly treated Qin's omissions as probative of credibility because a reasonable adjudicator could classify the new facts as a form of suspicious bolstering. *See Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) ("[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application.").

We need not consider the BIA's fourth ground for upholding the adverse credibility determination because, even if that ground is not supported by substantial evidence, a reasonable adjudicator could find that the first three inconsistencies justified an adverse credibility determination under the totality of the circumstances. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). Although Qin argues that the inconsistencies are cherry-picked and trivial, the BIA did not act impermissibly when it concluded that the inconsistencies were related to the heart of the asylum claim, rendering them particularly weighty. *See*

3

*id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Qin next argues that she is eligible for asylum. To the extent that she argues that her documentary evidence alone meets her burden, substantial evidence supports the BIA's contrary conclusion. The BIA permissibly weighed the IJ's finding that some documentary evidence contained inconsistencies and its own conclusion about the value of the abortion certificate "with other evidence of record" to conclude that Qin was not eligible for asylum. *Garland v. Dai*, 141 S. Ct. 1669, 1680 (2021). Qin alternatively argues that she is eligible for withholding of removal, but "an applicant who is unable to show a 'reasonable possibility' of future persecution [to demonstrate eligibility for asylum] 'necessarily fails to satisfy the more stringent standard for withholding of removal.'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (citation omitted).

Finally, Qin argues that she is entitled to relief under the CAT. But contrary to her contention, the BIA did not decide her claim in an improperly cursory manner. Rather, the BIA (and the IJ, with whom the BIA agreed) permissibly concluded that the country conditions reports did not show that Qin faces a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008).

4

**PETITION FOR REVIEW DENIED.**